

# Missouri Court of Appeals
## Southern District
### Division One

CONNIE SANDERS-FORD,        )
                                )

        Appellant,        )
                                ) No. SD36169

                                )
STATE OF MISSOURI,        ) FILED: April 8, 2020

                                )
        Respondent.      )

## APPEAL FROM THE CIRCUIT COURT OF McDONALD COUNTY

### Honorable Timothy W. Perigo, Judge

## **AFFIRMED**

Connie Sanders-Ford ("Movant") was found guilty by a jury of first-degree murder and armed criminal action for which she was sentenced, respectively and concurrently, to life in prison without parole and three-years in prison.[1]  Movant timely filed both a *pro se* and an amended Rule 29.15 motion for post-conviction relief. [2]  In the latter, Movant claimed, among others, that she received ineffective assistance of counsel ("IAC") in rejecting the State's pre-trial plea offer for a 25-year sentence for second-degree murder (the "plea offer") and, instead, proceeding to trial.  Following an evidentiary hearing on her amended motion, the motion court

---

[1] Movant's convictions were affirmed by this court in ***State v. Sanders-Ford***, 527 S.W.3d 223 (Mo.App. 2017).
[2] All rule references are to Missouri Court Rules (2019).

entered its judgment denying Movant's IAC claim related to the plea offer. Movant timely

appeals that denial.

The motion court found and concluded as follows:

> In this point [M]ovant claims that … her trial counsel was ineffective for telling her that she would have to serve 85% of her sentence if she accepted the state's offer of 25 years in prison on the reduced charge of murder in the second degree. Movant's trial counsel's advice would have been accurate if [M]ovant was younger, but Section 558.019(3) RSMo makes an exception for older defendants.[3] Instead of being required to serve 85% of her sentence movant would have been eligible for parole after serving just 40% of her sentence because she would have been older than 70 years of age by then. At the hearing on this motion, trial counsel admitted that he was unaware of this exception and was therefore inaccurate in his advice to [M]ovant on this matter. However, during the hearing on this motion the prosecutor in charge of the trial and plea bargain offer stated that he was also unaware of the exception for older defendants found in section 558.019(3). The prosecutor state [sic] that the plea offer was made with the intent of both he and the victim's family that [M]ovant never be released from prison. The prosecutor also said that had the mistake been realized before [M]ovant entered her plea to the lesser charge that the offer would have been withdrawn. Movant has failed to prove that she was prejudiced by trial counsel's inaccurate advice because it is speculation that the prosecutor would not have discovered his mistake before [M]ovant had an opportunity to enter her plea. At a sentencing hearing on the proposed plea offer, most likely either the prosecutor or the victim would have stated that [Movant] would have to serve 85% of the sentence (assuming prosecutor had not yet discovered RSMo 558.019(3).

> At this point, the Court being presumed to know the law would have corrected the prosecutor.[4] Court believes the prosecutor's statement that he would have withdrawn the plea of guilty discovery [sic] of RSMo 558.019(3).

### Applicable Legal Principles

This Court's review of the denial of a Rule 29.15 motion for post-conviction relief is

limited to determining whether the motion court's findings of fact and conclusions of law are

---

[3] Section 558.019.3 RSMo (2016) provides:
> Other provisions of the law to the contrary notwithstanding, any offender who has pleaded guilty to or has been found guilty of a dangerous felony as defined in section 556.061 and is committed to the department of corrections shall be required to serve a minimum prison term of eighty-five percent of the sentence imposed by the court *or until the offender attains seventy years of age, and has served at least forty percent of the sentence imposed, whichever occurs first.*

(Emphasis added.)

[4] The motion court judge was also the trial court judge in the underlying criminal case.

clearly erroneous. Rule 29.15(k); *Williams v. State*, 168 S.W.3d 433, 439 (Mo. banc 2005). Such "[f]indings and conclusions are clearly erroneous only if a full review of the record definitely and firmly reveals that a mistake was made." *Morrow v. State*, 21 S.W.3d 819, 822 (Mo. banc 2000). It is incumbent upon the movant in a post-conviction motion to prove his or her claims for relief by a preponderance of the evidence, Rule 29.15(i), and this Court presumes that the motion court's findings and conclusions are correct, *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991). "The trial court has the 'superior opportunity to determine the credibility of witnesses,' and this Court defers to the trial court's factual findings and credibility determinations." *Zink v. State*, 278 S.W.3d 170, 178 (Mo. banc 2009) (quoting *State v. Rousan*, 961 S.W.2d 831, 845 (Mo. banc 1998)).

In order to prove a claim that counsel's assistance was ineffective, the movant must demonstrate (1) that counsel's representation failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney rendering similar services under similar circumstances (performance prong); and (2) that the movant was prejudiced as a result of counsel's failure (prejudice prong). *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). In reviewing such claims, we are not required to examine both prongs; if a movant fails to satisfy the performance prong, we need not consider the prejudice prong, and vice versa. *Sanders*, 738 S.W.2d at 857.

> To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.

*Missouri v. Frye*, 566 U.S. 134, 147 (2012). "[A]s a general rule, Missouri law permits the State discretion to withdraw a plea offer, even an accepted plea offer, at any time prior to the offer's acceptance by the trial court." *Frye v. State*, 392 S.W.3d 501, 506 (Mo.App. 2013). Similarly, subject only to constraints or limitations imposed by Rule 24.02(d), a Missouri trial court has discretion to accept or reject a plea agreement based on the State's plea offer. *Id.* at 507.

In Missouri, therefore, in order to prove the *Strickland* prejudice prong where a plea offer has lapsed or been rejected based upon alleged IAC, a movant must demonstrate a reasonable probability that (Step 1) Movant would have accepted the earlier plea offer had he or she been afforded effective assistance of counsel, (Step 2) Movant's plea would have been entered (a) without the prosecution canceling it or (b) the trial court refusing to except it, and (Step 3) the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time. *Frye,* 566 U.S. at 147. Because the existence of all three steps is required to establish *Strickland* prejudice for an IAC claim in this context, a movant's failure to prove any one step necessarily defeats the IAC claim.

### Discussion

In her sole point, Movant contends that the motion court clearly erred in denying her IAC claim in rejecting the State's plea offer because of plea counsel's deficient performance in misadvising her on parole eligibility and that she was prejudiced as a result because she "would have accepted the state's plea offer [Step 1], would have pled guilty to second-degree murder [Step 2], and would have been subject to no more than a total sentence of 25 years rather than the sentence of life without parole she is now serving [Step 3]."

For the purpose of resolving this appeal, we assume, without deciding, that plea counsel's performance was deficient (performance prong), that Movant, if accurately advised, would have accepted the State's plea offer (Step 1 of prejudice prong), and that the end result would have

4

been more favorable to Movant (Step 3 of prejudice prong). Movant, nevertheless, has failed to demonstrate any clear error in the motion court's finding that Movant failed to demonstrate a reasonable probability that her plea would have been entered (Step 2 of prejudice prong) because (a) the State would have withdrawn the offer before Movant would have pleaded guilty and (b), if not withdrawn, the trial court would have rejected the plea agreement based upon the plea offer.

In her argument under this point, Movant describes the challenged motion court findings as "it is likely that the issue of 40% parole eligibility would have been discovered and the offer would have been withdrawn by the prosecutor" and "the trial court would have rejected the plea deal[.]" She argues these "findings" are based only upon speculation and are not supported by anything in the record. This argument is misplaced, however, because it does not address the actual motion court finding and ignores both Movant's burden to prove prejudice, *see* Rule 29.15(i), and our standard of review requiring a determination of clear error in the motion court's finding that Movant failed to carry that burden, *see* Rule 29.15(k).

The motion court actually found that "*Movant has failed to prove that she was prejudiced by trial counsel's inaccurate advice* because it is speculation that the prosecutor would not have discovered his mistake before [M]ovant had an opportunity to enter her plea." (Emphasis added.) Movant does not mention or specifically challenge this explicit motion court finding in her point or her argument under this point. This finding is presumed correct, **Wilson**, 813 S.W.2d at 835, and on appeal a Movant must demonstrate that it is clearly erroneous, Rule 29.15(k), giving deference to the motion court's credibility determinations, **Zink**, 278 S.W.3d at 178. In addition, Movant does not mention or challenge the prosecutor's statements the motion court relied upon and found credible in making this finding. Moreover, Movant directs us to no

5

evidence in the record contrary to this finding purporting to support her burden to demonstrate a reasonable probability that the prosecutor was not mistaken or would not have discovered his mistake and, in either event, would not have cancelled the offer before her plea was entered, much less that the trial court found that contrary evidence credible.

The totality of Movant's argument as to the prosecutor's discovery of his mistake consists of the following speculation, unconstrained by any citation to the record on appeal:

> …even if the court had inquired of [Movant] as to whether she was aware that she would be required to serve 85%, counsel could have cautioned [Movant] about the issue so that she could have responded in such a manner that would not have disclosed to the prosecutor that she would actually be eligible after only 40%. Assuming the court would have even inquired about the parole consequences and the 85% requirement, if prepared properly, [Movant] could have responded to such an inquiry with a response such as, "I am aware of the 85% requirement." Such a response would have most likely not raised any suspicion and would have been sufficient for the court's inquiry.

Movant's total reliance on speculation in her appellate argument reinforces, rather than undermines, the motion court's finding that Movant's prejudice claim was based only on speculation.

Similarly, Movant's argument challenging, as she describes it, the motion court's finding "that the trial court would have rejected the plea deal" is nothing more than speculation, once again unconstrained by any citations to the record on appeal. Movant's argument, in its entirety, is "given the information the court would have had regarding the case when a plea deal would have been presented to it, it is likely the court would have accepted a deal proffered by the prosecution." Nothing in this argument demonstrates any clear error by the motion court based upon the record on appeal.

Having offered only speculation to this court in support of the second step of her prejudice claim, Movant has failed to address, much less demonstrate, any mistake by the motion court in finding she failed to prove that step of the prejudice prong of her IAC claim in rejecting

6

the plea offer.  We, therefore, have no basis upon which to determine that the motion court

committed any clear error in making that finding or in denying Movant's claim.

## Decision

The motion court's judgment is affirmed.

GARY W. LYNCH, P.J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

WILLIAM W. FRANCIS, JR., J. – CONCURS