

# Missouri Court of Appeals

## Southern District

### In Division

| | |
|---|---|
| STATE OF MISSOURI, )<br><br>Respondent, )<br>)<br>vs. )<br>)<br>KASONDRA CAMILLE MITTS, )<br>)<br>Appellant. ) | No. SD37905<br><br>FILED: April 4, 2024 |

### APPEAL FROM THE CIRCUIT COURT OF ST. CLAIR COUNTY

Honorable Jerry Rellihan, Judge

**AFFIRMED IN PART AND VACATED IN PART WITH DIRECTIONS**

Kasondra Camille Mitts ("Mitts") appeals the judgment of the Saint Clair County Circuit Court convicting her, after a jury trial, of stealing under section 570.030,[1] which is a class A misdemeanor. In two points relied on, Mitts argues (1) the trial court plainly erred in sentencing Mitts because the trial court's sentence penalized Mitts for exercising her right to trial by jury and (2) the trial court plainly erred in assessing $944.75 in jury costs to Mitts. We deny Mitts' first point and grant her second point.

### Factual Background and Procedural History

Mitts was charged with one count of class A misdemeanor stealing under section

---

[1] All statutory references are to RSMo 2016, including, as applicable, statutory changes effective January 1, 2017.

570.030. At the *Frye* hearing[2] prior to trial, the State noted that it previously offered Mitts a plea agreement whereby she would serve 30 days in jail with a suspended execution of her sentence in exchange for her guilty plea. The State subsequently improved its offer by offering Mitts a suspended imposition of sentence with two years of probation. Mitts indicated her attorney explained the offers to her. The trial court asked her whether she understood that if she was convicted after trial she could be sentenced to up to one year in the county jail, and/or a fine of $2,000. Mitts indicated she understood and further understood she could be required to pay jury costs.

The case proceeded to trial and the jury found Mitts guilty as charged. At Mitts' sentencing hearing, the State requested the trial court impose a sentence of six-months of incarceration. The State argued:

> Your Honor, in this case [Mitts] rejected numerous plea offers even though -- well, Judge heard the evidence at trial. It was pretty much uncontroverted that she was guilty. She admitted it. She was caught on camera. It took a jury almost no time to -- to deliver a guilty verdict. . . .
>
>       \*\*\*
>
> The Court expressed to [Mitts] in her Frye hearings that things could be much worse if she -- than what the offers were. The offers -- initial offers were extremely lenient. I was trying to save 50 residents of Saint Clair County to come in -- in the winter for a jury trial on a -- on such a -- on a misdemeanor case. She did not elect to do that and sometimes you have to suffer the consequences of what you do. You know, I shudder to think if we had go to misdemeanor -- to -- go to jury trials on all the misdemeanors that are filed in -- in this county.

The trial court sentenced Mitts to 120 days in the county jail and assessed $944.75 in jury costs to Mitts, but did not explain how it arrived at that amount. Mitts appeals.

---

[2] A *Frye* hearing in this context is a hearing in which the State puts its plea bargain offer on record. *See generally* **Frye v. State**, 392 S.W.3d 501 (Mo.App. 2013).

## Standard of Review

Mitts acknowledges she did not preserve her points for appeal and requests plain error review. Plain error review is a two-step process:

> The first step requires a determination of whether the claim of error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted. All prejudicial error, however, is not plain error, and plain errors are those which are evident, obvious, and clear. If plain error is found, the court then must proceed to the second step and determine whether the claimed error resulted in manifest injustice or a miscarriage of justice.

*State v. Hilbert*, 663 S.W.3d 462, 465 (Mo. banc 2023). Although "[t]he plain error rule is to be used sparingly and may not be used to justify a review of every point that has not been otherwise preserved for appellate review," *see State v. Brandolese*, 601 S.W.3d 519, 526 (Mo. banc 2020), plain error review is appropriate when the defendant claims that the "trial court's decision to impose court costs upon [d]efendant is not authorized by law." *State v. Bertrand*, 636 S.W.3d 181, 190 (Mo.App. 2020).

## Discussion

In her first point Mitts contends the trial court plainly erred by penalizing her for choosing to proceed to trial rather than accepting the State's offer. Mitts argues the trial court improperly considered the State's assertions at the sentencing hearing.

"Constitutionally, a court is prohibited from using the sentencing process to punish a defendant who chose to exercise his or her right to proceed to trial." *Greer v. State*, 406 S.W.3d 100, 108 (Mo.App. 2013). First, we must determine whether the claim "facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted" before plain error may be reviewed. *Hilbert*, 663 S.W.3d at 465.

At Mitts' sentencing hearing the trial court stated the following in response to the State's comments:

3

Trial Court: Okay. Well, the Court does recall everything that was offered, everything that was done. Every opportunity she was given. I personally don't think she took [it] as serious[ly] as she needed to. My recollection is some of her facial expressions -- I'll call it attitudes, whatever, did not leave me to believe that she was taking it extremely serious[ly].

The trial court's comments regarding Mitts' attitude do not create a facial showing for a belief that a manifest injustice or miscarriage of justice has resulted. These comments may be contrasted with those in *State v. White*, 518 S.W.3d 288, 294 (Mo.App. 2017), whereby the trial court told the defendant at the sentencing hearing that the court deliberately increases the sentence above the State's pre-trial sentence recommendation after trial because there are "consequences to having trials."

No such conduct appearing here, we deny plain error review of Mitts' first point.

Mitts' next point contends the trial court plainly erred in assessing $944.75 in jury costs because the trial court did not explain how it arrived at that total and acted outside its authority, resulting in a manifest injustice or miscarriage of justice.

"Costs are a creature of statute, and courts do not have any inherent power to tax them."

*State v. Richey*, 569 S.W.3d 420, 423 (Mo. banc 2019) (internal quotation marks omitted).

[S]ections 550.280, 550.010, and 494.455.2 collectively and expressly authorize the imposition of 'all fees due' 'petit jurors' for daily pay (at the rate of six dollars per day) and mileage (at the rate of seven cents per mile) as taxable court costs upon a [defendant] convicted of a crime or misdemeanor.

*Bertrand*, 636 S.W.3d at 190. Mitts was convicted of a misdemeanor so it is undisputed the trial court was statutorily authorized to impose "all fees due" at the rate of six dollars per day per juror, and mileage at the rate of seven cents per mile as taxable court costs upon Mitts.

However, the trial court assessed $944.75 in jury costs after a one-day jury trial and did not explain how those costs were calculated under the controlling statutory framework. Since this Court cannot determine from the record whether the trial court was authorized by statute to

4

assess these jury costs, a facial appearance of substantial grounds for believing that manifest injustice or miscarriage of justice is present. Awarding costs not authorized by statute constitutes evident, obvious, and clear error that would result in a manifest injustice. We therefore grant plain-error review of Mitts' second point, vacate the trial court's unsupported decision to assess $944.75 in "jury costs" on Mitts, and instruct the trial court to reexamine the previously assessed jury costs and impose only statutorily-authorized costs, unless, pursuant to a motion Mitts filed with the trial court alleging her inability to pay, the court finds that she is unable to pay such costs. *See Bertrand*, 636 S.W.3d at 191. Point two is granted.

## Decision

Based on the foregoing, we affirm the trial court's sentence, but vacate the levy of jury costs and remand the matter for the entry of an amended judgment consistent with this opinion.

BECKY J.W. BORTHWICK, J. – OPINION AUTHOR

JACK A. L. GOODMAN, C.J. – CONCURS

DON E. BURRELL, J. – CONCURS