**Damon NOLAND, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SD 32430.**

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 12, 2013.

Mark A. Grothoff, Columbia, for Appellant.

Chris Koster, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for Respondent.

DANIEL E. SCOTT, J.

Damon Noland seeks post-conviction relief (PCR) from his life sentence for forcibly raping a 10–year–old. He claims that he would and could have pleaded to ten years on a lesser charge but for misadvice from his lawyer ("Counsel") about punishment.

" '[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel.' " *Lafler v. Cooper,* —— U.S. ——, 132 S.Ct. 1376, 1384, 182 L.Ed.2d 398 (2012).[1] As to *Strickland* prejudice, Noland must show a reasonable probability that but for Counsel's error (1) Noland would have accepted the 10–year plea offer, and (2) the trial court would have accepted its terms. *Id.* at 1385.

After an evidentiary hearing, the PCR court appropriately made findings on both

1. *Quoting Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *see also Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Lafler* was handed down the same day as

Noland's evidentiary hearing, so the PCR court took this case under advisement in part to consider that decision and its companion, *Missouri v. Frye,* —— U.S. ——, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012).

issues,[2] determining each in the negative. We affirm because those findings are presumed correct; we defer to the motion court's credibility decisions; and review of the whole record does not firmly and definitely convince us of error. *See Mayes v. State*, 349 S.W.3d 413, 416 (Mo.App.2011).

## Background

This rape charge carried a mandatory life sentence, unbeknownst to Counsel who told Noland the punishment range was 10 to 30 years or life, without probation or parole.[3]

Noland rejected all plea offers and insisted that he was innocent. As Counsel later explained at the PCR hearing:

> We talked about different plea agreements. Um, there—there were—I think, maybe there were two different plea agreements that were offered. And neither one of them were very appealing to Mr. Noland.

Q. Did he—did you talk to him about if he does take a plea agreement that he would have to admitted [*sic*] what he—what he did?

A. I don't believe the conversation—the conversation ever got that far. Um, when—when I would talk about the plea agreement he would just say, no, I'm not going to plead guilty. And he was adamant about his innocence, quite honestly, throughout this entire case.

Q. So would you have—with him maintaining his complete innocence, would you have told him to lie to the Court and take a plea agreement?

A. Well, no.

Q. So if he would have told you "I want to plead guilty to child molestations, but I didn't do it"?

A. Create a dilemma, wouldn't it, since we don't take Alford pleas [4] on—on child molestation cases anymore from my understanding so—

Q. And—and the offers that have been relayed to you, none of them included, it's okay if this is an Alford plea.

A. No.

Q. So he would have to admit his guilt?

A. Yes.

Q. And during the time that you represented him, this was, what, a year and a half?

A. Yes.

Q. He maintained that he was innocent?

A. Yes.

Q. That he never had sex with KW; is that correct?

A. Correct.

Q. He also never had sexual contact with KW; isn't that correct?

A. That—that—yes, that's true.

On the morning of trial, the prosecutor made a record that a plea offer had "been relayed to the defendant that if when he gets convicted on a forcible rape, I don't want it to come back on a PCR motion that this was not discussed...." With Counsel's consent, the trial judge (later

---

**2.** *See Frye v. State*, 392 S.W.3d 501, 507–08 (Mo.App.2013).

**3.** The exclusive punishment for forcibly raping "a child less than twelve years of age" was "life imprisonment without eligibility for probation or parole until the defendant has served not less than thirty years of such sentence or unless the defendant has reached the age of seventy-five years and has served at

least fifteen years of such sentence." RSMo § 566.030.2(2)(Cum.Supp.2007).

**4.** Under *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), an accused sometimes may plead guilty and accept punishment despite a continuing claim of innocence.

also the PCR judge) questioned Noland directly:

> THE COURT: Mr. Noland, have you discussed the State's offer with your lawyer?
>
> DEFENDANT NOLAND: Yes, sir.
>
> THE COURT: Have you had enough time to do that?
>
> DEFENDANT NOLAND: Plenty. Plenty, sir.
>
> THE COURT: And you've decided what?
>
> DEFENDANT NOLAND: Not guilty.
>
> THE COURT: You don't want to accept the plea agreement?
>
> DEFENDANT NOLAND: No, sir. I don't want to plea, sir.

\* \* \*

> [COUNSEL]: Oh, one other thing, Judge, and I-just so it's clear that I did—I did indicate to my client that was a—initially a ten-year offer in the Department of Corrections and I'll (sic) oppose probation, which gave him the option or opportunity to ask for probation.
>
> Secondly, um, that I explained to him that on the forcible rape of a ten year, it carries a minimum of ten to a maximum of 30 to life. That it's a nonprobation nonparolable offense, so there's no argument of probation. It's just an issue of number of years he should be convicted.
>
> THE COURT: Do you understand all of those details, Mr. Noland?
>
> DEFENDANT NOLAND: Yes, sir.
>
> THE COURT: You still want to go to trial and not plead guilty; is that right?
>
> DEFENDANT NOLAND: Yes, sir. I want to go to trial.[5]

---

5.  He did, was convicted and sentenced to life, and lost his direct appeal.

### Analysis

The foregoing supports the PCR court's finding that Noland "did not receive the correct range of punishment" but "demonstrate[d] no reasonable probability he would have accepted the plea offer."

> It is in the transcript that [Noland] did not want to plead but to proceed to trial. (see trial transcript p. 48–51) Only now, after he has been convicted does he states [sic] he would have pled, but his actions and words at the time of trial indicated otherwise. [Noland]'s postconviction testimony that he would have pled guilty is not credible.

Later, perhaps for emphasis, the court reiterated that Noland's PCR testimony "that he would have pleaded guilty is not credible."

We defer to these credibility determinations. The PCR court did not clearly err in finding that Noland proved "no reasonable probability he would have accepted the plea offer." This, of itself, forecloses relief. *Lafler*, 132 S.Ct. at 1385.

Further, the PCR court found that judicial acceptance of a 10–year plea deal was "highly unlikely":

> This Court has the ability to reject plea agreements. In fact, this Court rejected an agreement in this case between the State and [Noland] to a 15 years [sic] sentence on a forcible rape charge.[6] It is highly unlikely, under the facts of this case, that this Court would have accepted a plea agreement that called for a 10 year sentence on a first degree child molestation. [Noland] has failed to prove that there was reasonable proba-

---

6.  This refers to a 15–year deal reached by the parties during the PCR case but rejected by the motion court.

bility the plea agreement would have been accepted by this Court.

We give special deference here—the PCR judge also was the trial judge. *See Joos v. State*, 277 S.W.3d 802, 804 (Mo.App.2009). This no-prejudice finding, not clearly erroneous, justifies affirmance independently. *Lafler*, 132 S.Ct. at 1385.

## Conclusion

We find no clear error. Judgment affirmed. Rule 29.15(k).

NANCY STEFFEN RAHMEYER, P.J., and WILLIAM W. FRANCIS, JR., C.J., Concur.