

# Missouri Court of Appeals
## Southern District
### Division Two

DARREN S. SMITH II,          )
                               )

     Movant-Appellant,       )
                               )

vs.                        )         No. SD32955
                               )

STATE OF MISSOURI,       )         Filed October 6, 2014
                               )

     Respondent-Respondent.   )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

#### Honorable Michael J. Cordonnier, Circuit Judge

<u>AFFIRMED</u>

Darren Smith ("Movant") appeals the denial of his Rule 24.035 motion for post-conviction relief alleging ineffective assistance of counsel.[1]  Movant claims that the motion court clearly erred in overruling his motion because plea counsel failed to act as a reasonably competent attorney when he advised Movant to delay acceptance of a plea offer without advising Movant that the plea offer could be withdrawn at any time.  We do not reach the issue of whether plea counsel failed to advise Movant as alleged because even if so, the motion court's finding that Movant was not prejudiced by that failure was not clearly erroneous in that Movant failed to persuade the motion court that he declined

---

[1] Rule references are to Missouri Court Rules (2014).

the plea offer for that reason. Finding no clear error in the motion court's denial of Movant's motion, we affirm.

## Factual and Procedural Background

In reviewing the denial of a motion for post-conviction relief "we view the record in the light most favorable to the motion court's judgment, accepting as true all evidence and inferences that support the judgment and disregarding evidence and inferences that are contrary to the judgment." ***Hardy v. State***, 387 S.W.3d 394, 399 (Mo.App. 2012). The following is set forth in accordance with that standard.

Movant was charged with one count of trafficking a controlled substance, *see* section 195.223, and two counts of unlawful use of a weapon, *see* section 571.030, in Greene County.[2] While these charges were pending, Movant pleaded guilty to an unrelated voluntary manslaughter charge in Wright County.[3] Movant was thereafter offered a plea agreement in Greene County, which provided that the sentences imposed in the Greene County cases would run concurrent with the ten-year sentence to be imposed in the Wright County case, in accordance with the plea agreement there.

Movant was confident that there would be no witnesses to testify against him in the Greene County cases. Because of this belief, he was not open to entering a plea at all. Movant only became open to accepting the plea on the morning of trial, when he realized that the state's witnesses were available and ready to testify against him. By that time, however, the State would only offer a plea agreement that provided for sentences that would be served consecutive to the sentence already imposed in the Wright County case.

---

[2] References to statutes are to RSMo 2000, unless otherwise indicated.
[3] Defendant was originally charged with murder in Wright County and pleaded guilty to the amended charge of voluntary manslaughter. For clarity, we will refer to the manslaughter case as the "Wright County case" and the unlawful use of a weapon and trafficking cases as the "Greene County cases."

On the morning of trial, Movant pleaded guilty to the Greene County charges without the benefit of any plea agreement. Before accepting Movant's plea, Movant communicated to the court that he had had enough time to meet with his attorney to go over the case, that he was satisfied with his attorney's work, and that he understood that he was giving up his right to a trial. Movant also indicated that he understood that the sentencing judge had complete discretion over what range of punishment would be imposed (fifteen years minimum or forty-five years maximum) and that, because there was no written plea agreement, Movant would not be able to go back and get a trial if he didn't like the sentence. Movant also indicated that he had not been promised that the court would impose a certain sentence or that he would be placed on probation.

At the sentencing hearing,[4] Movant was sentenced to a ten-year sentence for trafficking and a fifteen-year sentence for the two counts of unlawful use of a weapon, which were to run concurrent with each other but consecutive to the Wright County sentence.

Movant filed a Rule 24.035 Motion to Vacate, Set Aside, or Correct Judgment and Sentence, alleging that his Sixth Amendment right to counsel was violated when his plea attorney advised him to reject the plea offer in these matters until after the Wright County sentencing was finalized and when his attorney did not advise that the plea offer could be withdrawn by the state.

Following an evidentiary hearing, the motion court found, among other things, that "Movant was aware of the State's previous plea offer but chose not to accept it,

---

[4] At the sentencing hearing, Movant was represented by a different attorney than had previously represented him in the Greene County cases and the Wright County case. Movant's new attorney told the sentencing court that Movant had no interest in trying to enforce the State's previous plea offer or in trying to have Movant's guilty plea set aside. Rather, counsel stated to the sentencing judge, "We're coming into this leaving our fate in your hands, sir."

3

perhaps gambling that the State's witnesses would not testify against him." The motion court was persuaded that the delay in pleading was simply a result of trial strategy by which "Movant was able to satisfy himself that he was not pleading guilty to a case that the State would not be able to prove" while simultaneously retaining "the option of having a trial instead of pleading guilty." The court concluded that there was no prejudice from any conduct by plea counsel but rather it was Movant's own conduct in not being open to a plea agreement until the day of trial that lead to his consecutive sentences. The motion court expressly found that Movant did not establish that he would have accepted the plea offer because Movant was not open to accepting the plea offer prior to trial. Thus, the motion court denied Movant's motion for post-conviction relief. This appeal followed.

### Standard of Review

We review the "denial of post-conviction relief under Rule 24.035 to determine if the [motion] court's findings of fact and conclusions of law are 'clearly erroneous.'" *Ross v. State*, 335 S.W.3d 479, 480 (Mo. banc 2011) (quoting *Roberts v. State*, 276 S.W.3d 833, 835 (Mo. banc 2009)). Such "findings and conclusions are clearly erroneous only if, after reviewing the entire record, the Court is left with a definite and firm impression that a mistake was made." *Ross*, 335 S.W.3d at 480. It is the Movant's burden to prove his or her claims by a preponderance of the evidence, Rule 24.035(i), and we presume the motion court's findings and conclusions are correct. *Butts v. State*, 85 S.W.3d 132, 134 (Mo.App. 2002). Furthermore, we defer to the motion court on issues of credibility, *Clay v. State*, 297 S.W.3d 122, 124 (Mo.App. 2009), and, as previously noted, "we view the record in the light most favorable to the motion court's judgment,

4

accepting as true all evidence and inferences that support the judgment and disregarding evidence and inferences that are contrary to the judgment." *Hardy*, 387 S.W.3d at 399.

### Discussion

A criminal defendant has no constitutional right to be offered a plea. *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399, 182 L.Ed. 2d 379 (2012). Where a defendant is offered a plea, he is entitled to effective assistance of counsel in determining whether to accept that plea. *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376, 1387, 182 L.Ed. 2d 298 (2012). In order "[t]o prevail on a claim of ineffective assistance of counsel where a movant has entered a plea of guilty, a 'movant must show his counsel's representation fell below an objective standard of reasonableness and that, as a result, he was prejudiced.'" *Boyd v. State*, 205 S.W.3d 334, 338 (Mo.App. 2006) (quoting *Cupp v. State*, 935 S.W.2d 367, 368 (Mo.App. 1996)); *see Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The second prong of *Strickland*, prejudice, is required because

> [r]epresentation is an art, and an act or omission that is unprofessional in one case may be sound or even brilliant in another. Even if a defendant shows that particular errors of counsel were unreasonable, therefore, the defendant must show that they actually had an adverse effect on the defense.

*Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067. *Strickland* prejudice was first extended to plea agreements in *Hill v. Lockhart*. 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). *Hill* concerned a situation in which a criminal defendant sought federal habeas relief on the ground that his court-appointed attorney had failed to advise him that, as a second offender, he was required to serve one-half of his sentence before becoming eligible for parole. *Hill*, 474 U.S. at 53, 106 S.Ct. at 367. The Court held that the defendant had not shown *Strickland* prejudice because he failed to allege that he

5

would have proceeded to trial absent the ineffective assistance. *Hill*, 474 U.S. at 59, 106 S.Ct. at 370.[5]

Next, the United States Supreme Court considered whether counsel's refusal to present perjured testimony constituted *Strickland* prejudice in *Nix v. Whiteside*, 475 U.S. 157, 162-63, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986). The Court concluded that there was no prejudice because "a defendant has no entitlement to the luck of a lawless decisionmaker." *Nix*, 475 U.S. at 175, 106 S.Ct. at 998. Similarly, in *Lockhart v. Fretwell*, the Court considered whether there was *Strickland* prejudice when counsel failed to object to the use of a sentencing factor that had been erroneously and temporarily found to be impermissible by the Eighth Circuit. 506 U.S. 364, 366, 113 S.Ct. 838, 841, 122 L.Ed.2d 180 (1993). The Court concluded that *Strickland* prejudice is not implicated when the alleged ineffectiveness does not deprive the defendant of any substantive or procedural right to which the law entitles him. *Lockhart*, 506 U.S. at 366, 113 S.Ct. at 840. Collectively, *Nix* and *Lockhart* stand for the proposition that there are certain situations in which it would be unjust to characterize the likelihood of a different outcome as legitimate "prejudice," because defendants would receive a windfall as a result of the application of an incorrect legal principle or a defense strategy outside the law. *Lafler*, 132 S.Ct. at 1387.

Recently, the Court expanded the application of *Strickland* to situations in which, unlike *Hill*, the defendant's prejudice is not the inability to proceed to trial, but rather the loss of a prior plea offer with more favorable terms. In *Frye*, the Court considered whether *Strickland* was violated when counsel failed to communicate a plea offer to a

---

[5] Movant does not claim that but for the alleged ineffectiveness of his plea counsel he would have proceeded to trial, as required in *Hill*. Rather, he claimed in his motion that he would have taken the state's offer made before the day of trial.

criminal defendant. *Frye*, 132 S.Ct. at 1405. The Court began by recounting the importance of plea offers in American justice. "When a plea offer has lapsed or been rejected . . . no formal court proceedings are involved. This underscores that the plea-bargaining process is often in flux, with no clear standards or timelines and with no judicial supervision of the discussions between prosecution and defense." *Id.* at 1407. Because plea bargaining is so prevalent,[6] *Hill* is not the only way to show prejudice. "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel," and a "reasonable probability that neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented." *Frye*, 132 S.Ct. at 1409-10. The deficiency of counsel in failing to convey a plea offer was clear in *Frye* and thus so was the prejudice due to the defendant's lost opportunity to consider the offer, but the Court specifically noted that this would not always be the case.

> It may be that in some cases defendants must show more than just a guilty plea to a charge or sentence harsher than the original offer. For example, revelations between plea offers about the strength of the prosecution's case may make a late decision to plead guilty insufficient to demonstrate, without further evidence, that the defendant would have pleaded guilty to an earlier, more generous plea offer if his counsel had reported it to him.

*Id*. at 1411.

Finally, in *Lafler*, the Court considered a situation in which counsel advised a criminal defendant not to accept a plea offer. 132 S.Ct. at 1383. It was uncontested that this advice was below the standard of care elucidated in the first prong of *Strickland*.

---

[6] At the time the opinion in *Frye* was issued, ninety-seven percent of federal convictions and ninety-four percent of state convictions are the result of guilty pleas. *Frye*, 132 S.Ct. at 1407.

Based on this advice, the criminal defendant proceeded to a full and fair trial where he was found guilty and sentenced to a much harsher sentence than that which was offered in the plea. *Lafler*, 132 S.Ct. at 1383. The Court found that prejudice can be shown if loss of the plea opportunity led to the imposition of a more severe sentence because "the favorable sentence that eluded the defendant appears to be the sentence he or others in his position would have received in the ordinary course, absent the failings of counsel." *Id.* at 1387. As in *Frye*, the defendant must prove that he would have accepted the plea offer, the prosecution would not have withdrawn the plea offer, and that the court would have accepted its terms. *Lafler*, 132 S.Ct. at 1385.

In his sole point on appeal, Movant contends that the motion court erred in overruling his Rule 24.035 motion because plea counsel failed to act as a reasonably competent attorney when he advised Movant to delay acceptance of the Greene County prosecutor's plea offer until after the Wright County sentencing without advising Movant that the plea offer could be withdrawn at any time.

In order to prove prejudice as required to show ineffective assistance of counsel, Movant must show three things: (1) a reasonable probability he would have accepted the earlier, less severe plea offer had he been afforded effective assistance of counsel; (2) a reasonable probability that the plea would have been entered without the prosecution canceling it; and (3) a reasonable probability that the trial court would have accepted the agreement. *Frye*, 132 S.Ct. at 1409-10. The motion court expressly found that Movant did not establish that he would have accepted the plea offer, the first requirement, and did not make findings regarding the other two requirements. Thus, our review is limited to determining whether the motion court clearly erred in finding that Movant would not

8

have accepted the plea offer. *Frye v. State*, 392 S.W.3d 501, 507-08 (Mo.App. 2013) ("Without findings and conclusions by the motion court, the reviewing court must engage in de novo review, which is not permitted under Rule 24.035(k).").

In his argument, Movant relies entirely upon his own self-serving testimony that his plea counsel had advised him that the Greene County cases would "fall into" the Wright County case if they delayed acceptance of the plea and that he never told his plea counsel that there would be no witnesses to testify against him. The evidence in this case, however, when viewed, as we must, in accordance with our standard of review, supports the motion court's conclusion that Movant, and not his attorney, chose to delay accepting the state's plea offer. Movant's plea counsel testified that Movant was confident that there would be no witnesses to testify against him in the Greene County cases and that was why Movant was not willing to plead until the morning of trial, when witnesses actually appeared ready to testify against him.

We defer to the motion court on issues of credibility. *Clay*, 297 S.W.3d at 124. Moreover, "[i]f the only evidence of any representation made to [a] movant by defense counsel [is] their testimony at the evidentiary hearing, our review [is] at an end[.]" *Rick v. State*, 934 S.W.2d 601, 607 (Mo.App. 1996). In that context, we are not left with a definite and firm impression that the motion court made a mistake in finding that Movant's motivation in waiting until the day of trial to plead guilty was to determine whether there would be witnesses to testify against him and not due to the advice of counsel that waiting to plead would somehow make the Greene County sentences disappear into the Wright County charge.

In hindsight, Movant may regret his failure to accept the State's offer, but his trial strategy would have been "sound or even brilliant" had the State's witnesses not appeared. *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067. Movant should not receive a windfall as a result of the application of a defense strategy outside the law. *Lafler*, 132 S.Ct. at 1387. Movant's late revelation that witnesses would appear and testify against him required him to show "more than just a guilty plea to a charge or sentence harsher than the original offer." *Frye*, 132 S.Ct. at 1411. Movant has failed to do so and, thus, cannot show prejudice. "This no-prejudice finding, not clearly erroneous, justifies affirmance independently." *Noland v. State*, 413 S.W.3d 684, 687 (Mo.App. 2013). Movant's point is denied.

## Decision

The motion court's denial of Movant's motion for post-conviction relief is affirmed.

GARY W. LYNCH, J. - Opinion author

MARY W. SHEFFIELD, P.J. - concurs

NANCY STEFFEN RAHMEYER, J. - concurs