

## Missouri Court of Appeals
### Southern District
### Division One

| | | |
|---|---|---|
| HARRY L. BROOKE, | ) | |
| | ) | |
| Movant-Appellant, | ) | |
| | ) | |
| vs. | ) | No. SD35719 |
| | ) | |
| STATE OF MISSOURI, | ) | Filed September 3, 2019 |
| | ) | |
| Respondent-Respondent. | ) | |

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Thomas E. Mountjoy

AFFIRMED

Harry L. Brooke ("Movant") was charged with one count of the unlawful use of a weapon for knowingly discharging a firearm at an inhabitable structure, a class B felony that carries a mandatory fifteen-year term of imprisonment. *See* sections 558.011.1(2), 571.030.1(9), and 571.030.9(1).[1] The State offered to amend the charge against him to a class D felony and recommend a four-year term of imprisonment without any consideration of probation. Because it did not provide an opportunity for a grant of probation, Movant rejected this offer. Instead, he entered an "open" plea of guilty to the offense charged in order to provide himself an opportunity

---

[1] All statutory references are to RSMo Cum.Supp. 2014, and all rule references are to Missouri Court Rules (2019).

1

to seek probation.  The trial court sentenced him to the mandatory fifteen-year term of imprisonment but denied his requested grant of probation.

Thereafter, Movant timely sought post-conviction relief ("PCR"), *see* Rule 24.035, which the motion court denied following an evidentiary hearing.  Movant appeals the motion court's judgment, raising a single point alleging that he received ineffective assistance of counsel.  Finding no clear error in the motion court's judgment as claimed, we affirm.

**Factual and Procedural Background**

At Movant's plea hearing during his testimony and when directed by the plea court to "state the range of punishment," the prosecuting attorney responded stating,

> Per the subsection that this count is filed under, this offense can carry a range of punishment of the minimum -- or the maximum term of years for a Class B felony, which is fifteen years in the Missouri Department of Corrections.  *While probation can be granted on that count, the probation backup sentence is required to be the maximum on the Class B felony, the fifteen years*.

(Emphasis added).  Nothing else was said about the range of punishment during the plea hearing.

At his subsequent sentencing hearing, after an extensive recitation of several factors weighing in his favor, Movant requested that "the *mandatory* fifteen-year sentence be suspended and that he be given a chance at probation."  (Emphasis added).  The sentencing court, however, ultimately agreed with the State that the nature of Movant's offense weighed against granting probation.  The sentencing court, noting it had no discretion as to the length of the imprisonment term to impose, sentenced Movant to serve the term mandated by statute—fifteen years.

In his timely-filed amended PCR motion, Movant alleged, *inter alia*, that he received ineffective assistance of counsel because his counsel, Lindsey Phoenix, "failed to inform Movant of the statutory mandatory minimum sentence of fifteen years he would be sentenced to if he plead [sic] guilty and insisted she could get him on probation if he pled guilty to the original

2

charge." He alleged that he was prejudiced because "had he known the offense carried a mandatory minimum sentence of fifteen years and that everyone convicted of that charge was sentenced to prison he would have pled guilty to the first offer presented by the [S]tate."

Phoenix testified at Movant's evidentiary hearing on his PCR motion that during her representation of Movant she did not advise him that he faced a mandatory imprisonment term of fifteen years. She stated, "I thought, when I talked to him, that it was five to fifteen. That's what I told him every time I talked to him." Phoenix further testified that the State had made a plea offer in which it would amend the charge against Movant to a class D felony and recommend four years' imprisonment. It was her belief that

> 95 percent of [Movant's] decision to reject that was based on my advice to him. I thoroughly believed that he was worthy of probation. I thought the facts of the case were worthy of probation. I thought what he had done was worthier of probation. He -- I think he trusted me entirely, and I told him I really thought that that was what would happen.

According to Phoenix, she did not realize that she was mistaken about the range of punishment Movant could receive until the sentencing court announced Movant's sentence. Phoenix went on to characterize her advice regarding Movant's possible range of punishment as "the biggest mistake that I've ever made in my career[.]"

Movant was the only other witness to testify at the evidentiary hearing. His testimony was in line with the previously recited testimony provided by Phoenix. In addition, he testified that securing probation was important to him because he "really didn't want to go to prison." On cross-examination, Movant stated that he wanted to receive a fifteen-year sentence with probation granted and that Phoenix never promised him that he would receive probation.

The motion court, which was also the plea and sentencing court, denied Movant post-conviction relief. The motion court did "not find as credible" Movant's claim that he rejected the State's offer and pleaded guilty due to confusion about the sentence he was facing. It found,

3

instead, that Movant's plea was made voluntarily, knowingly, and intelligently, noting, among

other things, the following:

> Movant's claim that he was not aware of the range of punishment at the time of the plea is disingenuous.[2]  First, he was advised that the range of punishment was 15 years at the time of the plea by the prosecuting attorney.  No other term of years was mentioned.  Movant testified at the hearing on this post-conviction relief action that he declined the 4 year plea offer on an amended charge because it required that he agree to go to prison, and he wanted to have the opportunity to ask for probation.  He specifically stated that his decision was based [on] the fact that he "really didn't want to" go to prison.  Movant agreed that he wanted his counsel to ask for him to be given a 15 year sentence in the Department of Corrections with probation granted.  He agreed that he wanted that sentence at the time of his plea.  Movant clearly understood and appreciated that he faced the possibility of going to the Department of Corrections for a term of 15 years.

(Record citation omitted).

The motion court further found that, in light of Movant's testimony that he did not want

to go to prison but rather wanted to seek a fifteen-year sentence with probation, Movant was also

"not able to demonstrate that he was prejudiced" by Phoenix' alleged ineffective assistance.  It

reasoned that

> [a]t the hearing, Movant testified that he rejected the plea agreement on an amended charge not because he sought a lower term of years, but because he wanted to take a higher term of years and have an opportunity to request

---

[2] The record reflects that Movant was not represented by Phoenix at his plea hearing, but rather, by attorney Stuart P. Huffman.  Among other inquiries during his plea hearing, the court inquired of Movant:

> THE COURT:  Now, the charge in the case is the Class B felony of unlawful use of a weapon.  Is that the charge you intend to enter a plea of guilty to?
> THE DEFENDANT:  Yes, sir.
> THE COURT:  Have you had enough time to talk with Mr. Huffman about your case in general?
> THE DEFENDANT:  Yes, sir.
> THE COURT:  Have you had enough time to talk to him about your decision to plead guilty in the case?
> THE DEFENDANT:  Yes, sir.
> THE COURT:  Have you told Mr. Huffman everything he needs to know about your case so he can give you proper advice?
> THE DEFENDANT:  Yes, sir.
> THE COURT:  And are you satisfied with his services for you, as your attorney?
> THE DEFENDANT:  Yes, sir.

Movant asserted no ineffective assistance claim in his amended PCR motion related to the legal advice provided to him by Huffman.

4

probation. Movant testified that he wanted his attorney to ask for a 15 year probation granted sentence, which he also testified he knew was the maximum range of punishment. His attorney did do that. Movant's testimony proves that he was fully aware that by rejecting the plea deal he faced a range of punishment that might result in his going to prison on a 15 year sentence. He testified that he made his decision based solely on the issue of probation. The sentence he was requesting was not outside the actual range of punishment of the offense he pled guilty to, and the sentence of 15 years that was imposed and executed was not outside the range of punishment he stated at the post-conviction hearing he thought was available to the court. Regardless of whether he understood the range of punishment to be 5-15 years or a straight 15 years, his decision about whether to try for 15 years with probation granted and reject the plea offer that required a 4 year sentence logically would have been the same based on his testimony about how the decision was made.

Movant timely appeals the motion court's denial of relief. Abandoning his claim that Phoenix "insisted she could get him on probation if he pled guilty to the original charge[,]" Movant asserts in his sole point relied on that the motion court clearly erred in denying his PCR motion because he "established that he received ineffective assistance of guilty plea counsel in that [Phoenix] failed to inform [him], prior to his guilty plea, that by statute the only sentence he could possibly receive was fifteen years['] imprisonment" and that "[h]ad [he] been properly informed about the mandatory sentence he would have accepted the state's prior offer."

**Standard of Review**

Our review is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k). "The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression that a mistake has been made." *Roberts v. State*, 276 S.W.3d 833, 835 (Mo. banc 2009). It is Movant's burden to prove his claims by a preponderance of the evidence. Rule 24.035(i). We presume that the motion court's findings and conclusions are correct, *Butts v. State*, 85 S.W.3d 132, 134 (Mo.App. 2002), and defer to the motion court on issues of credibility. *Clay v. State*, 297 S.W.3d 122, 124 (Mo.App. 2009).

5

**Discussion**

Where a defendant is offered a plea, he is entitled to effective assistance of counsel in determining whether to accept that plea. *Lafler v. Cooper*, 566 U.S. 156, 168 (2012); *Missouri v. Frye*, 566 U.S. 134, 144 (2012)). Where there is a plea of guilty, as there was in this case, a claim of ineffective assistance of counsel is immaterial "except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made." *Worthington v. State*, 166 S.W.3d 566, 573 (Mo. banc 2005).

As with other claims of ineffective assistance of counsel, the test for determining whether counsel was ineffective during plea negotiations is the two-prong test in *Strickland v. Washington*, 466 U.S. 668 (1984). *Williams v. State*, 367 S.W.3d 652, 655 (Mo.App. 2012) (citing *Lafler* and *Frye*). "Movant must show first, that his counsel's performance was deficient, and second, that Movant was prejudiced thereby." *Id.* To establish prejudice in this context where a plea offer has been rejected, Movant must demonstrate "'a reasonable probability [he] would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel,' and a 'reasonable probability that neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented.'" *Smith v. State*, 443 S.W.3d 730,735 (Mo.App. 2014) (quoting *Frye*, 566 U.S. at 147–48).

Here, the motion court found that Movant's claim failed because he did not establish (1) that Phoenix's alleged ineffective representation prevented him from entering a voluntary, knowing, and intelligent plea of guilty; and (2) that he would have accepted the State's plea offer if not for Phoenix's alleged ineffective representation. The latter finding, which alone is sufficient to deny post-conviction relief, was not clearly erroneous and, therefore, we need not address the former finding.

This court addressed a situation similar to the one here in ***Noland v. State***, 413 S.W.3d 684 (Mo.App. 2013). The crime Noland was charged with violating "carried a mandatory life sentence," but counsel misadvised him that "the punishment range was 10 to 30 years or life, without probation or parole." ***Id.*** at 685. Noland "rejected all plea offers and insisted that he was innocent." ***Id.*** at 685. The motion court found that, in light of Noland's previous representations to his counsel and to the trial court, his testimony at the post-conviction evidentiary hearing that he would have accepted a plea offer was not credible. ***Id.*** at 686. Recognizing that we defer to such credibility determinations, this court ruled that the motion court did not clearly err in finding that Noland proved "no reasonable probability he would have accepted the plea offer." ***Id.*** (internal quotation marks omitted).

Here, Movant claimed that he would have accepted the State's plea offer if not for his purported misunderstanding about the range of punishment he faced. Like in ***Noland***, however, the motion court disbelieved Movant, and we defer to that credibility determination. *See **Clay***, 297 S.W.3d at 124. The motion court found credible and relied on Movant's testimony that he was seeking probation, which was not included in the State's plea offer, and was aware that, in rejecting the State's plea offer, the result could be a fifteen-year sentence without probation. In that context, as recognized by the motion court,

> Movant's disappointment in the outcome of his sentencing may cause him to second-guess that decision, but it does not change that the record supports the factual finding that he was aware of the 15 year sentence he was facing and was simply willing to take a risk on the hopes that his attorney could argue for and receive probation on his behalf.

We are not left, therefore, with a definite and firm impression that the motion court made a mistake. *See **Roberts***, 276 S.W.3d at 835. "This no-prejudice finding, not clearly erroneous, justifies affirmance independently." ***Noland***, 413 S.W.3d at 687. Point denied.

## Decision

The motion court's judgment is affirmed.

GARY W. LYNCH, P.J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – concurs

WILLIAM W. FRANCIS, JR., J. – concurs