

# In the Missouri Court of Appeals
## Eastern District
### DIVISION FIVE

| | | |
|---|---|---|
| KURTIS C. WATKINS, | ) | No. ED111367 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | 1722-CC11614 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Elizabeth B. Hogan |
| | ) | |
| Respondent. | ) | Filed: November 28, 2023 |

Before Lisa P. Page, P.J., James M. Dowd, J., and Nathan A. Carroz, Sp. J.

Kurtis Watkins (Movant) appeals from the motion court's judgment denying his motion for post-conviction relief (PCR) pursuant to Missouri Supreme Court Rule 29.15.[1] Movant was convicted of nine counts related to an August 2013 shooting in the City of St. Louis, and sentenced to 25 years in prison. We affirm.

## Background

Movant was charged with three counts of first-degree assault (Counts I, III, and V), three counts of armed criminal action (Counts II, IV, and VI), unlawful possession of a firearm (Count VII), unlawful use of a weapon (Count VIII), and resisting arrest (Count IX). In November 2015, Movant was tried by jury with Co-Defendant, who was convicted, but Movant received a mistrial.

---

[1] Rule references are to Missouri Supreme Court Rules (2016).

At the second trial in January 2016, Officer P testified he broke up a fight on Louisiana Avenue. He did not believe the conflict was over so he continued to observe the area from behind a dumpster in a nearby alley. After a short time, he heard footsteps and a gun rack, then a man appeared at the alley entrance, about fifteen to twenty feet away from him. The man stopped and fired six to eight shots. Officer P called in a description of a black male wearing a black shirt and blue jeans. After the shooter left, Officer P called in another description that he was balding.

The shooter quickly returned and started running down the alley toward Officer P with a gun in his hand. He appeared to be most surprised to encounter Officer P who ordered him to stop. As the shooter began raising his own gun, Officer P observed his face about two or three seconds before he partially covered his face with his arm and then fled the alley. Approximately ten minutes later, Officer P's sergeant called him to look at a suspect that other officers apprehended. Officer P identified him as the shooter he twice encountered in the alley.

Movant was the only witness to testify in his defense. He said he was with a friend (Witness Friend) most of the evening until he walked to a local gas station, at which time police officers apprehended him and Officer P identified him as the individual he saw in the alley. Movant was convicted of all nine counts. The trial court sentenced him as a prior and persistent offender to 25 years of imprisonment. This court affirmed his conviction and sentence in *State v. Watkins*, 527 S.W.3d 204 (Mo. App. E.D. 2017).[2]

Movant filed a timely motion for post-conviction relief pursuant to Rule 29.15, alleging ineffective assistance of trial counsel for failing to call Witness Friend, Witness J, and Co-Defendant as witnesses at trial. The motion court held an evidentiary hearing in December 2018,

---

[2] For purposes of this appeal from Movant's PCR motion, we do not elaborate on the facts of this case here, but note greater detail is set forth in the direct appeal.

at which trial counsel (Trial Counsel) and Movant testified. Trial Counsel acknowledged the case against Movant "was almost entirely based on the testimony of [Officer P]." He noted Officer P's testimony changed between the first and second trials from saying he was not sure that the initial shooter he saw in the alley was Movant, to later saying he was sure. Trial Counsel testified Movant said he was with Witness Friend before the shooting, but he was not a witness to the actual shooting. Trial Counsel made no attempt to contact Witness Friend.

Trial Counsel recalled Witness J was involved in the initial argument that led to the shooting and was questioned by police immediately after the shooting. Trial Counsel said he did not recall discussing Witness J with Movant, nor did he consider interviewing him. Trial Counsel said Witness J's statement to police was not harmful or useful.

Trial Counsel further testified that before the first trial, Co-Defendant's attorney did not allow Trial Counsel to speak with him. He said they strategized together with consistent theories, but he was essentially warned "not to aggressively cross examine [Co-Defendant] because there was a chance that he might testify that [Movant] was at the scene." As a result, Trial Counsel said he did not ask Co-Defendant any questions at the first trial. However, Trial Counsel contacted Co-Defendant's attorney prior to the second trial at Movant's adamant insistence because of a conversation they had in jail. But "he indicated that he would not allow [Trial Counsel] to interview [Co-Defendant] before the trial because [Co-Defendant's] sentencing was still pending, his final sentencing." Movant still wanted him to call Co-Defendant, but Trial Counsel disagreed based on his conversation with Co-Defendant's counsel and his inability to interview him.

Movant testified he told Trial Counsel to subpoena Witness J because the police report indicated he saw the entire situation. Movant said he was in custody and had no means to

3

contact Witness J himself. Movant did not know him personally and had no idea how he would testify other than what was in the police report. Movant claimed he asked Trial Counsel to talk to Witness Friend who was also incarcerated at the time. Finally, Movant claimed that after the first trial, he spoke with Co-Defendant in jail and he claimed Trial Counsel did not ask him to testify at Movant's first trial but stated he would testify at the second trial.

Post-conviction Counsel (PCR Counsel) presented three exhibits to the motion court regarding each witness and read them into evidence. However, these exhibits are not included in the record on appeal before this court. In reviewing the transcript, we are able to discern the following. Exhibit A appears to be some sort of record that reflected that Witness J was represented by counsel who did not respond to PCR Counsel's request to speak to him and was "currently a fugitive on a failure to appear" in a St. Louis County case. Exhibits B and C were respectively letters from counsel for Witness Friend and Co-Defendant stating, upon advice of counsel, they would invoke their right to remain silent under the Fifth Amendment but did not specify if this was for trial or the evidentiary hearing. The motion court continued the matter at the request of PCR Counsel.

Nearly eight years after the incident, the hearing subsequently reconvened in June 2021. All three witnesses appeared and testified. Witness Friend claimed he was at his home with Movant, his childhood friend, on the day of the shooting from about 7 p.m. until 12:30 a.m., when Movant left to buy liquor but did not return. Witness Friend said he was incarcerated at Movant's trial but was willing and able to testify to these facts, if requested. Witness J testified he was in the 3900 block of Louisiana from about 8:30 to 11 p.m. on the night of the shooting, but did not see anything. He claimed he did not know, nor did he see Movant.

4

Co-Defendant also testified at the hearing. He said he never met Movant until they became co-defendants and went to trial together. Co-Defendant admitted he was at the scene and witnessed the shooting, but claimed he did not see Movant at all. He testified he never told any of his attorneys not to permit Movant's counsel to interview him and if he had been called to testify at the second trial, he would have denied Movant's presence and involvement in the shooting.

In October 2022, the motion court denied Movant's claims for post-conviction relief, concluding Movant failed to prove Witness Friend, Witness J, and Co-Defendant "would have testified if called" and failed to show "that the [three witnesses'] testimony would have provided him with a viable defense." The motion court specifically relied on statements made in Exhibits A, B, and C at the December 2018 evidentiary hearing to contradict their testimony that they would have testified at trial. This appeal follows.

## Discussion

Movant raises three points on appeal, each alleging the motion court clearly erred in denying his requested relief because Trial Counsel rendered ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution, for failure to investigate and call Witness Friend, Witness J, and Co-Defendant as witnesses for Movant's second trial. Movant claims the failure to do so was objectively unreasonable and created a reasonable probability of a different outcome.

### *Standard of Review*

A motion court's judgment is presumed correct and will be overturned only when either its findings of fact or its conclusions of law are clearly erroneous. *McLaughlin v. State*, 378

S.W.3d 328, 336-37 (Mo. banc 2012); Rule 29.15(k). To overturn a motion court's ruling, the appellate court must have a "definite and firm impression that a mistake has been made." *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009) (internal quotations omitted).

To be entitled to post-conviction relief for ineffective assistance of counsel, a defendant must satisfy the two-prong *Strickland* test by a preponderance of the evidence. *McLaughlin*, 378 S.W.3d at 337 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). First, the defendant must show his attorney failed to exercise the level of skill and diligence that a reasonably competent attorney would exercise in a similar situation. *Zink*, 278 S.W.3d at 175. This performance prong is met only by overcoming a strong presumption that counsel's conduct was reasonable and effective. *McLaughlin*, 378 S.W.3d at 337.

Second, the trial counsel's failure must also prejudice the defendant. *Strickland*, 466 U.S. at 687. In order to satisfy this prejudice prong of the *Strickland* test, the movant must demonstrate that, absent the claimed error, there is a reasonable probability that the outcome would be different. *Strickland*, 466 U.S. at 694.

### *Failure to Call a Witness*

Each of Movant's three points allege Trial Counsel was ineffective for failing to call a witness at the second trial. Point one alleges Trial Counsel rendered Movant ineffective assistance when he failed to investigate and call Witness Friend at Movant's second trial; point two alleges Trial Counsel rendered ineffective assistance of counsel when he failed to investigate and call Witness J; and point three alleges Trial Counsel rendered ineffective assistance when he failed to interview and call Co-Defendant.

To prevail on such a claim, all four of the following factors must be shown: "1) Trial counsel knew or should have known of the existence of the witness; 2) the witness could be

6

located through reasonable investigation; 3) the witness would testify, and 4) the witness's testimony would have produced a viable defense." *Worthington v. State*, 166 S.W.3d 566, 577 (Mo. banc 2005) (internal quotation omitted). Still, "counsel's decision not to call a witness is presumptively a matter of trial strategy and will not support a claim of ineffective assistance of counsel unless the defendant clearly establishes otherwise." *Id.* (internal quotation omitted). A strategic determination not to call a witness is "virtually unchallengeable." *Id.* "If a potential witness's testimony would not unqualifiedly support a defendant, the failure to call such a witness does not constitute ineffective assistance." *Id.*

Furthermore, it is of great import that "[s]pecial deference is given when the PCR judge and the trial judge are the same." *Goodwater v. State*, 560 S.W.3d 44, 55 (Mo. App. W.D. 2018) (citing *Noland v. State*, 413 S.W.3d 684, 687 (Mo. App. S.D. 2013), and *Joos v. State*, 277 S.W.3d 802, 804 (Mo. App. S.D. 2013)). Here, the underlying incident occurred in 2013. The same experienced trial judge has presided over both of Movant's trials. In addition, the trial judge held two evidentiary hearings over a period of more than two years with two different PCR attorneys. These circumstances render her uniquely familiar with the circumstances of this matter and thus, even more entitled to said "special deference." *Id.*

In all three points, Movant takes issue with the motion court for relying on the evidence presented in Exhibits A, B, and C submitted during the December 2018 evidentiary hearing as support to contradict the testimony of each witness in 2021 because these exhibits only applied as to why these three witnesses were not available to testify at that hearing as opposed to their willingness to have testified at his second trial. We disagree.

In point two, Movant specifically takes issue with the motion court's finding that "Exhibit A at the hearing was a *letter* from [Witness J's] attorney indicating that [Witness J] was

7

a fugitive and *stating motion counsel did not have permission to speak with him*." (emphasis added). We agree that the transcript from the December 2018 hearing does not appear to reflect Exhibit A is a letter from counsel stating Witness J would invoke his Fifth Amendment rights as unambiguously asserted in the letters from counsel for Witness Friend and Co-Defendant in the other two exhibits. The transcript merely shows Exhibit A was meant to be a record of some sort that Witness J was a fugitive who failed to appear in a St. Louis County case in which he was represented by counsel, who "has not communicated with [PCR Counsel] regarding permission to speak to [Witness J]." However, the transcript regarding Exhibits B and C were clearly letters from counsel and explicitly stated Witness Friend and Co-Defendant would not testify but do not specify "at the evidentiary hearing" as Movant now claims on appeal.

Unfortunately, we cannot be certain of the exact contents of these three exhibits because they are not part of the record on appeal.[3] It is Movant's burden to demonstrate reversible error by overcoming the presumption that the motion court's judgment is correct. *Indian Hills Civic Ass'n v. Indian Lake Prop. Owners Ass'n, Inc.*, 637 S.W.3d 622, 630 (Mo. App. S.D. 2021); *Campbell v. State*, 598 S.W.3d 611, 613 (Mo. App. S.D. 2020). "When an exhibit is omitted from the record on appeal and is not deposited with the appellate court, its intendment and content will be taken as favorable to the trial court's ruling and as unfavorable to the appellant." *Indian Hills Civic Ass'n*, 637 S.W.3d at 630 (citing *Miller v. Culton*, 617 S.W.3d 879, 880 n.2 (Mo. App. S.D. 2021)).

As a result, we find the motion court's conclusion was not clearly erroneous in that it was reasonable to rely on the evidence submitted regarding the unavailability of each witness in

---

[3] The legal file does contain three exhibits denominated A-C; however, they are not the documents at issue. Rather, they are affidavits of Witness J and Witness Friend signed in January 2021, and a February 2021 affidavit signed by Co-Defendant.

December 2018 as opposed to their testimony in June 2021. "Once contested, a trial court is free to disbelieve any, all or none of the evidence, and the appellate court is not to re-evaluate testimony through its own perspective." *State v. Avent*, 432 S.W.3d 249, 253 (Mo. App. W.D. 2014) (internal quotation omitted).

More important, given all the evidence adduced at both evidentiary hearings, we do not have a "definite and firm impression that a mistake has been made" on the record before us. *Zink*, 278 S.W.3d at 175 (internal quotations omitted). First, trial counsel's testimony alone was more than sufficient to show his "virtually unchallengeable" strategic reasoning in not calling Co-Defendant as a witness due to the risk he might testify against Movant at the first trial and then because of the refusal by counsel to interview Co-Defendant prior to the second trial. *See Worthington*, 166 S.W.3d at 577.

In addition, the record further reflects that the testimony of either Witness Friend or Witness J would not "unqualifiedly support" Movant's defense at the second trial as the motion court concluded after their June 2021 testimony; thus, it cannot be said Trial Counsel rendered ineffective assistance of counsel to Movant. *See id.* ("If a potential witness's testimony would not unqualifiedly support a defendant, the failure to call such a witness does not constitute ineffective assistance.").

Movant did not sufficiently demonstrate any of the three witnesses would have testified if called. Accordingly, Movant did not satisfy the third criterion required to prevail on a claim of ineffective assistance of counsel for failure to investigate and call a witness. Since all four criteria are required to prevail on a claim of ineffective assistance for failure to investigate and call a witness, we need not reach the remaining factors. We do not find the motion court's decision was clearly erroneous. Movant made no showing that his attorney failed to exercise the

9

level of skill and diligence that a reasonably competent attorney would exercise in a similar situation. *Zink*, 278 S.W.3d at 175.

Moreover, even if Movant successfully demonstrated his attorney failed to exercise the level of skill and diligence that a reasonably competent attorney would have in a similar situation, he still must show that the deficient performance prejudiced the defense. *Id.* Movant must show counsel's errors were "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* Unless a defendant makes both showings, we cannot find the conviction "resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* Here, none of the proposed witnesses would have produced a viable defense for Movant. The State produced significant evidence against Movant, including a definite eyewitness identification. Movant cannot prove either the first or the second prong of the *Strickland* test and the motion court did not err in denying him relief. Movant's point is denied.

## Conclusion

The motion court's judgment is affirmed.

_____
Lisa P. Page, Presiding Judge

James M. Dowd, J., and
Nathan A. Carroz, Sp. J., concur.

10