

# In the Missouri Court of Appeals
## Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| ROBERT A. THOMAS, | ) | No. ED112679 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | Cape Girardeau County |
| vs. | ) | 22CG-CC00030 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Benjamin F. Lewis |
| | ) | |
| Respondent. | ) | Filed: April 1, 2025 |

Before James M. Dowd, P.J., Angela T. Quigless, J., and Cristian M. Stevens, J.

## OPINION

Robert Thomas appeals the motion court's denial of his Rule 29.15[1] motion for post-conviction relief following an evidentiary hearing. Thomas claims the motion court clearly erred because trial counsel was ineffective for failing to challenge at trial the admissibility of the results of his alcohol breath test. Finding no clear error, we affirm.

## Background

On June 24, 2018, a Cape Girardeau police officer on South West End Boulevard saw Thomas operating a vehicle with a non-working headlight which then crossed into the oncoming lane of traffic. The officer swerved out of Thomas's path and immediately turned around to initiate

---

[1] All rule references are to the Missouri Supreme Court Rules (2022).

a traffic stop. Thomas slowed down and motioned for the officer to pass him before pulling into a nearby parking lot where the officer effectuated the stop.

During the stop, the officer smelled alcohol on Thomas's breath. After requesting that Thomas step out of the vehicle, he observed that Thomas had mumbled speech, bloodshot and glassy eyes, and unsteady movement. The officer asked Thomas to perform three standardized field sobriety tests. Thomas refused two of the tests due to a leg injury but consented to the horizontal gaze nystagmus test (HGN test) which showed that Thomas was impaired. At that point, Thomas admitted to the arresting officer that he had consumed four beers earlier.

The officer arrested Thomas on suspicion of driving while intoxicated and transported him to the police station for an alcohol breath test (BAC test). Once Thomas arrived at the station, a different police officer administered the BAC test which revealed that Thomas had a blood alcohol content of .208, more than twice the legal limit allowed to operate a motor vehicle. Section 577.012.[2] Thomas then became belligerent and accused the officers of having an intimate relationship with his former spouse.

The State charged Thomas with driving while intoxicated. At the September 15, 2021 trial, the State introduced the results of the BAC test over defense counsel's general "improper foundation" objection. On cross-examination, Thomas's counsel questioned the officer who had administered the BAC test regarding a video that captured the officer as he administered the test. The video showed the officer using hand sanitizer at least twenty minutes before putting on latex gloves and placing the mouthpiece onto the testing device. The officer testified that the hand sanitizer did not interfere with or contaminate the test because had it done so, the testing machine would have displayed an error message. Defense counsel made no further objections with respect

_____

[2] All statutory references are to the Revised Statutes of Missouri (2016) unless otherwise stated.

2

to the BAC test. The jury found Thomas guilty and the court sentenced him to four years in prison as a persistent offender.

Thomas then brought his Rule 29.15 motion for post-conviction relief. At the hearing on the motion, counsel testified that he did not challenge the admissibility of the BAC test results and the officer's use of hand sanitizer because his plan was to surprise the State with that line of questioning at trial. Furthermore, he testified that he did not believe the administering officer violated any procedures that would have affected the reliability of the test results. Finally, counsel believed attacking the "weight" of the evidence was strategically more prudent. The motion court found defense counsel's decision to be reasonable trial strategy and therefore denied Thomas's motion. This appeal follows.

## Standard of Review

We review the trial court's denial of a Rule 29.15 motion for post-conviction relief to determine whether the court's findings and conclusions are clearly erroneous. Rule 29.15(k); *Moore v. State*, 659 S.W.3d 635, 639 (Mo. App. E.D. 2023). Findings and conclusions are clearly erroneous only when, in light of the entire record, the court is left with a definite and firm impression that a mistake has been made. *Swallow v. State*, 398 S.W.3d 1, 3 (Mo. banc 2013). We uphold the motion court's judgment if it is sustainable on any ground. *McGuire v. State*, 523 S.W.3d 517, 520 (Mo. App. E.D. 2017). And we presume that the motion court's findings are correct, including the motion court's determinations as to the credibility of witnesses. *Shockley v. State*, 579 S.W.3d 881, 892 (Mo. banc 2019).

The two-pronged *Strickland* test is applied when a movant claims post-conviction relief based on ineffective assistance of trial counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Smith v. State*, 443 S.W.3d 730, 734 (Mo. App. S.D. 2014). The movant must prove by a preponderance of the evidence (1) that counsel's performance did not conform to the degree of skill

3

and diligence of a reasonably competent attorney; and (2) that as a result thereof, the movant was prejudiced. *Smith*, 443 S.W.3d at 734.

To succeed on the performance prong, the movant must overcome a strong presumption that counsel's performance was reasonable and effective by showing specific acts or omissions that, under the circumstances, fell outside the wide range of effective assistance. *Id.* To satisfy the prejudice prong, the movant must show that there is a reasonable probability that, but for counsel's alleged errors, the outcome would have been different. *Id.* If the movant fails to establish either prong, "then we need not consider the other and the claim of ineffective assistance must fail." *Roberts v. State*, 535 S.W.3d 789, 797 (Mo. App. E.D. 2017).

**Discussion**

Thomas claims the motion court clearly erred in denying his motion for post-conviction relief because trial counsel was ineffective for failing to challenge the admissibility of the BAC test results based on the officer's use of hand sanitizer. We disagree because counsel engaged in reasonable trial strategy.

Failure to object to evidence is not sufficient, in and of itself, to constitute the ineffective assistance of counsel. *West v. State*, 244 S.W.3d 198, 200 (Mo. App. E.D. 2008). In order to prevail on a claim of ineffective assistance of counsel for failing to object to evidence, the movant must show that: (1) the objection would have been meritorious, and (2) the failure to object resulted in substantial deprivation of his right to a fair trial. *Id.* The movant also bears the burden of proving the failure to object was not strategic. *Id.*

A trial strategy decision may only serve as a basis for an ineffective assistance of counsel claim if the decision is unreasonable. *Zink v. State*, 278 S.W.3d 170, 176 (Mo. banc 2009). Trial strategy decisions rarely furnish a ground for finding ineffective assistance of counsel. *Marschke v. State*, 185 S.W.3d 295, 304 (Mo. App. S.D. 2006); *Storey v. State*, 175 S.W.3d 116, 125 (Mo. banc

4

2005). It is not ineffective assistance of counsel for an attorney to pursue one reasonable trial strategy to the exclusion of another, even if the latter would also be a reasonable strategy. *Clayton v. State*, 63 S.W.3d 201, 207–08 (Mo. banc 2001).

*Strickland's first prong - deficient performance*

We now turn to Thomas's ineffective assistance of counsel claim which we reject because counsel made a strategic decision not to bring what would likely have been an unmeritorious objection to the BAC testing protocols due to the officer's hand sanitizer usage. Counsel reasonably believed the test results were likely admissible, and his strategy was to challenge the test's validity during the trial in order to "surprise" the State such that an objection would have "tipped his hand." Such strategic decisions rarely furnish a ground for finding ineffective assistance of counsel, and we will not convict counsel of one here. *Marshke*, 185 S.W.3d at 304.

Furthermore, Thomas has failed to adduce any legal authority or expert testimony that such an objection would have been meritorious. And Thomas did not dispute or impeach the officer's testimony that the BAC test machine would have displayed an error message had the hand sanitizer interfered with the test. Therefore, we agree with the motion court that an objection based on mere speculation would likely have been pointless. *See Marshall v. State*, 567 S.W.3d 283, 284-85 (Mo. App. E.D. 2019) ("Since Movant does not provide any evidence to support that the objection would have been meritorious and only speculates that the outcome would be different, he has not overcome his burden").

*Strickland's second prong - prejudice*

Thomas's claim of ineffective assistance also fails because he is unable to show prejudice because there was considerable evidence, beyond the BAC test results, that Thomas was driving while intoxicated.

To satisfy the prejudice prong of the *Strickland* test, a movant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006). A "reasonable probability" is one sufficient to undermine confidence in the outcome of the proceeding. *Strickland*, 466 U.S. at 694. "Where ... there is overwhelming evidence of guilt, such that it cannot be reasonably said that, but for the challenged actions of trial counsel, the jury would have found the movant not guilty ... the movant suffers no prejudice." *Dawson v. State*, 315 S.W.3d 726, 733 (Mo. App. W.D. 2010) (quoting *Anderson v. State*, 66 S.W.3d 770, 778 (Mo. App. W.D. 2002)).

The overwhelming evidence here is that Thomas was driving while intoxicated. He drove into the oncoming lane of traffic causing the arresting officer to swerve out of the way. During the traffic stop, Thomas had mumbled speech, he swayed, had bloodshot and glassy eyes, and smelled of alcohol. The HGN test indicated all six signs of intoxication. He admitted that he drank at least four beers before being stopped. Later, he became belligerent with officers. This record overwhelmingly demonstrates that Thomas was driving while intoxicated and the BAC test merely confirmed that fact. *See Dawson*, 315 S.W.3d at 733. In sum, Thomas is unable to prove either deficient performance or prejudice under the *Strickland* framework. Therefore, we deny his point.

## Conclusion

For the reasons set forth above, we affirm.

James M. Dowd, Presiding Judge

Angela T. Quigless, J., and
Cristian M. Stevens, J., concurs.

6